IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ENNY M. ALVARADO, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:21-CV-1830-D |
| VS. | § |
| | § |
| THE VALCAP GROUP, LLC, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

This is a suit by plaintiff Enny M. Alvarado ("Alvarado") against defendant The ValCap Group, LLC ("ValCap"), alleging claims under the Emergency Paid Sick Leave Act ("EPSLA"), a component of the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127, 134 Stat. 178 (2020), and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* ValCap moves again under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted, seeking dismissal of Alvarado's ADA-based discrimination and retaliation claims. For the reasons that follow, the court grants ValCap's motion as to Alvarado's ADA-based retaliation claim and denies it as to her ADA-based discrimination claim.

I

The court assumes the parties' familiarity with its prior memorandum opinion and order in this case, *see Alvarado v. ValCap Group, L.L.C.* (*Alvarado I*), 2022 WL 19686 (N.D. Tex. Jan. 3, 2022) (Fitzwater, J.), and recounts the facts and procedural history only as is

necessary to understand this opinion.

In September 2020 Alvarado began working full-time for ValCap as a staff accountant.[1] During her tenure, she satisfactorily performed the requirements of her position and regularly worked 40 or more hours per week.

On November 9, 2020 Alvarado's coworker, Noel Beltron ("Beltron"), displayed symptoms of COVID-19, and ValCap's owner, Richard Fishman ("Fishman"), sent Beltron to take a COVID-19 test. Fishman did not disclose to anyone at ValCap that Beltron had been ordered to take a COVID-19 test, and he required that Beltron work in person the following two days while she awaited the results. During those two days, Fishman failed to take any precautionary measures that would have limited Beltron's exposure to her coworkers, and he permitted Beltron to work in close proximity to Alvarado while Beltron awaited her test results.

Laura Wolf ("Wolf"), an employee in ValCap's Human Resources Department, was aware that Alvarado had been subjected to prolonged exposure in close proximity to Beltron. On November 11, 2020 Wolf showed Alvarado a text message from Beltron stating that Beltron was out sick and that she had tested positive for COVID-19 on a test taken a few days before. In response to Alvarado's reaction to Beltron's text, Wolf informed Alvarado

---

[1] In deciding ValCap's Rule 12(b)(6) motion, the court construes the second amended complaint in the light most favorable to Alvarado, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in Alvarado's favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

that she had been trying to implement COVID-19 protocols and procedures, but that she was facing severe pushback from Fishman. Alvarado immediately contacted her doctor and reported that she had been exposed over a two-day period to someone who had tested positive for COVID-19 and with whom she worked in close proximity. Due to the circumstances surrounding Alvarado's exposure, her doctor ordered her to go home, quarantine for seven days, and see if she developed symptoms within that time.

Alvarado reported her doctor's orders to Wolf and requested to take medical leave pursuant to the EPSLA and her perceived disability. Wolf approved Alvarado's disability-related, EPSLA-covered medical leave request and instructed her to send an email to Human Resources with a copy to Wolf. Wolf told Alvarado to state in the email that Alvarado was leaving the office because of ValCap's failure to take precautionary measures or otherwise implement COVID-19 policies, and that she was instructed to quarantine for seven days due to her prolonged exposure to a COVID-19 positive employee.

Wolf regarded Alvarado as having COVID-19 following her close and prolonged exposure to a COVID-19 positive person as a result of ValCap's blatant refusal to take any precautionary measures to limit Alvarado's significant and prolonged exposure to a COVID-19 positive person and her order to quarantine. Alvarado sent the email through her work email account, as instructed, and began her EPSLA-qualifying medical leave.

Shortly thereafter, Wolf contacted Alvarado stating that Fishman had informed her in a text message that anyone who went home due to COVID-19 was not permitted back and

was not needed. ValCap consequently terminated Alvarado because ValCap perceived her to have COVID-19, and pursuant to Fishman's directive to terminate any employee who exercised her EPSLA rights and/or had or was perceived as having COVID-19.

Following her termination, Alvarado filed a claim for retaliation with the Equal Employment Opportunity Commission and the Texas Workforce Commission. After receiving notice of her right to sue, Alvarado filed the instant lawsuit against ValCap. ValCap moved to dismiss Alvarado's first amended complaint under Rule 12(b)(6). The court granted the motion in part and denied it in part, and also granted Alvarado leave to replead. *See Alvarado I*, 2022 WL 19686 at *9. Alvarado thereafter filed a second amended complaint. ValCap now moves under Rule(12)(b)(6) to dismiss Alvarado's ADA-based claims for discrimination and retaliation. Alvarado opposes the motion. The court is deciding the motion on the briefs.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive ValCap's motion to dismiss, Alvarado must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III

The court begins with ValCap's motion to dismiss Alvarado's ADA-based discrimination claim. ValCap moves to dismiss this claim on the basis that Alvarado has not plausibly alleged that she was regarded as disabled.

### A

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or

discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).[2] The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such

---

[2] When a plaintiff does not present direct evidence of discrimination, the court analyzes the claim using the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999) (holding that *McDonnell Douglas* framework, which is used in Title VII cases, applies to ADA cases when only circumstantial evidence of discrimination is offered). Under this framework, the plaintiff must establish a prima facie case of discrimination by showing that (1) she suffers from a disability or is regarded as disabled; (2) she is qualified for the job despite the disability; (3) she was subjected to an adverse employment action due to her disability; and (4) she was replaced by a non-disabled person or treated less favorably than non-disabled employees. *See, e.g., Milton v. Tex. Dep't of Crim. Justice*, 707 F.3d 570, 573 (5th Cir. 2013) (quoting *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)). The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g., Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (Title VII case) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). To survive ValCap's motion to dismiss, however, Alvarado must plausibly allege the ultimate elements of her ADA claim. *See Chhim*, 836 F.3d at 370. And since *McDonnell Douglas* will ultimately govern whether a plaintiff can rely on indirect evidence of discrimination, it can be helpful to reference that framework when determining whether a plaintiff has plausibly alleged the ultimate elements of her claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (quoting *Chhim*, 836 F.3d at 470-71)).

an impairment[.]" 42 U.S.C. § 12102(1). Under the 2008 amendments to the ADA, an individual is "regarded as" disabled when she is perceived as having a physical or mental impairment, regardless of whether the impairment actually exists or is perceived to limit a major life activity. *Id*. § 12102(3)(A). The 2008 amendments broadened the "regarded as" definition for disability. *Id.* § 12102(1)(C).

> For purposes of paragraph (1)(C):
>
> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

*Id.* § 12102(3).

An individual cannot be "regarded as having such an impairment," however, if the impairment is "transitory and minor." *Id.* § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.* "Section 12102 does not define what types of impairments are minor, so courts determine whether an impairment is minor on a case-by-case basis considering factors such as symptoms, severity, the treatment required, the risk involved, and any surgical intervention anticipated or necessary." *Douglas v. Ben E. Keith Co.*, 2021 WL 3930086, *5 (N.D. Tex. Sept. 1, 2021) (Horan, J.) (quoting *Stephens v. Big Spring Herald, Inc.*, 2021 WL 3030064, at *7 (N.D. Tex. Mar. 29, 2021) (Hendrix, J.)).

B

District courts have reached different results on whether to recognize COVID-19 as an ADA-qualifying disability.[3] Moreover, the Fifth Circuit has not yet decided who has the burden of proving that an impairment is (or is not) transitory and minor,[4] and other circuits are divided on this question.[5] And "finding as a matter of law that an impairment is transitory

---

[3]*Compare Matias v. Terrapin House, Inc.*, 2021 WL 4206759, at *4 (E.D. Penn. Sept. 16, 2021) (holding that in light of the disclosures plaintiff made to defendant involving her positive COVID-19 test and her disclosure of symptoms common to certain forms of COVID-19 that can carry longer-term impairment, plaintiff plausibly alleged that defendant regarded her as having an impairment), *and Booth v. GTE Fed. Credit Union*, 2021 WL 5416690, at *6 (M.D. Fla. Nov. 20, 2021) (denying motion to dismiss ADA claim where plaintiff plausibly alleged "that [employer] regarded her as having COVID-19, and that COVID-19 is an 'impairment' that is not transitory and minor"), *with Parker v. Cenlar FSB*, 2021 WL 22828, at *6 (E.D. Penn. Jan. 4, 2021) ("[N]otwithstanding whether contracting COVID-19 is a disability under the ADA, possible *exposure* to COVID-19 is not 'a physical or mental impairment that substantially limits one or more major life activities.'"), *and Payne v. Woods Servs., Inc.*, 520 F.Supp.3d 670, 679 (E.D. Penn. 2021) (holding that, because plaintiff had not alleged any facts regarding his symptoms or impairments as a result of his COVID-19 diagnosis, he had not sufficiently alleged facts supporting the conclusion that he was regarded as disabled).

[4]In *Lyons v. Katy Independent School District*, 964 F.3d 298 (5th Cir. 2020), the panel noted that the Fifth Circuit "has not yet decided whether a plaintiff in a 'regarded as' disabled-discrimination case must establish, as part of the prima facie case, that any perceived impairment was not transitory nor minor or whether the transitory and minor nature of the perceived impairment is an affirmative defense that the employer must prove." *Id.* at 302-03. But the panel declined to "wade into that discussion . . . because, either way, there [were] no facts in dispute regarding the transitory and minor nature of [the plaintiff]'s perceived impairment." *Id.* at 303.

[5]*Compare Mancini v. City of Providence*, 909 F.3d 32, 45 n.7 (1st Cir. 2018) (concluding that, because the transitory and minor exception is an affirmative defense, the employer bears the burden of establishing it), *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 319 (6th Cir. 2019) (concluding that an employer may rebut a prima facie case of "regarded as" disability discrimination with a showing that the impairment is transitory and

and minor without a developed record is particularly ill fitting to COVID-19, a novel and debated illness that may vary widely in severity from person to person and of which the long-term effects remain unclear." *Booth v. GTE Fed. Credit Union*, 2021 WL 5416690, at *6 (M.D. Fla. Nov. 20, 2021) (citation omitted); *see also Brown v. Roanoke Rehab. & Healthcare Ctr.*, 2022 WL 532936, at *4 (M.D. Ala. Feb. 22, 2022) (holding that plaintiff's arguments were better addressed at summary judgement stage, when a developed record would be presented to the court as it concerned plaintiff's COVID-19 symptoms and her employer's perception).

Given the nature of the fact-specific inquiry that would be required to determine whether COVID-19 is a physical impairment that is (or is not) transitory and minor, and the divisions that exist among both district and circuit courts, the court declines to dismiss Alvarado's ADA-based discrimination claim at the pleadings stage. This decision is without prejudice to addressing this issue at the summary judgment stage of this case, or, if the law of this circuit develops sufficiently, revisiting this ruling in the context of a Rule 12(c)

---

minor), *Silk v. Bd. of Trs., Moraine Valley Cmty. Coll.*, 795 F.3d 698, 706 (7th Cir. 2015) (concluding that the employer "bears the burden of establishing that the impairment was both transitory and minor"), *and Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 435 (9th Cir. 2018) ("[T]he 'transitory and minor' exception is an affirmative defense, and '[a]s such, the employer bears the burden of establishing the defense.'" (second alteration in original)), *with Adair v. City of Muskogee*, 823 F.3d 1297, 1306 (10th Cir. 2016) (requiring a "regarded as" plaintiff to show that the impairment "is neither transitory nor minor"), *and Eshleman v. Patrick Indus., Inc.*, 961 F.3d 242, 246 n.25 (3d Cir. 2020) (stating that "a regarded-as plaintiff alleging a transitory and minor impairment has failed to state a legally sufficient claim, even if the employer does not include a trainsitory and minor defense in its Answer").

motion.

IV

The court now turns to Alvarado's ADA retaliation claim.

The court agrees with ValCap that Alvarado has failed to state an ADA-based retaliation claim on which relief can be granted. Unlike her first amended complaint, Alvarado's second amended complaint does not include a separate ADA-based retaliation claim. Although Alvarado includes in her second amended complaint the conclusory assertion that, "[a]s a direct and proximate result of [ValCap's] unlawful and retaliatory conduct in violation of the ADA" she suffered injuries, 2d Am. Compl. ¶ 62, this allegation, alone or in combination with other assertions in the second amended complaint, does not plausibly plead a claim for retaliation under the ADA. Furthermore, Alvarado's contention in her response brief that she "pleads that her leave was both an EPSLA leave and a perceived disability leave," P. Br. 10, is not included as an allegation in the second amended complaint itself and, even if it were, is likewise insufficient to plead a plausible claim for ADA-based retaliation.

Accordingly, the court dismisses Alvarado's claim for retaliation under the ADA.

\*   \*   \*

For the reasons explained, the court grants ValCap's motion as to Alvarado's ADA-based retaliation claim and denies it as to her ADA-based discrimination claim.

**SO ORDERED**.

March 30, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE